UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kingsway Realty, LLC,

        Plaintiff,

–v–

Gemini Insurance Company,

        Defendant.

18-cv-1700 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff's Motion for Summary Judgment, Dkt. No. 29. For the reasons set forth below, Plaintiff's Motion is GRANTED.

## I. Background

### A. Factual Background

The following facts are undisputed except where specifically noted. The Court also assumes familiarity with the facts of the related case, *Gemini Insurance Company v. Integrity Contracting Inc.*, Case No. 17-cv-01151.

Plaintiff, Kingsway Realty, LLC ("Kingsway") is a domestic limited liability company. Dkt. No. 33 ¶ 1. According to Plaintiff, it owns the property located at 1601-1621 Kings Highway, Brooklyn, New York, 11229 (the "Premises"). Dkt. No. 29-1 ¶ 1. Defendant, Gemini Insurance Company ("Gemini") is engaged in the insurance business. Dkt. No. 33 ¶¶ 2-3. On October 13, 2015, Integrity Contracting, Inc. ("Integrity") entered into a contract (the "Contract") with Plaintiff. *Id.* ¶ 4. According to the Contract, Integrity would act as a general

contractor at the Premises. *Id.*

The Contract requires that Integrity, *inter alia,* procure additional insurance coverage for Plaintiff and to indemnify, defend, and hold harmless Plaintiff "to the extent [liability is] arising or alleged to arise from: (1) the negligent act or omission in the performance of the Work under this Agreement, whether performed by the General Contractor, its Subcontractors and agents, or anyone employed by any of them or anyone for whose acts any of them may be liable . . . ." *Id.* ¶¶ 5 (citing Dkt. No. 30-1), 6.

Integrity procured an insurance policy ("the Policy") from Defendant with effective dates of June 17, 2016 to June 17, 2017. *Id.* ¶ 7. The Policy contains an endorsement titled "Additional Insured – Owners, Lessees Or Contractors – Scheduled Person or Organization," which includes, in part, the following language:

> **A. Section II - Who is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
>    in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
> However:
> 1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
> 2. If coverage provided to an additional insured is required by contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

*Id.* ¶ 8 (citing Dkt. No. 30-2).

The Name of Additional Insured Persons(s) Or Organization(s) on this endorsement in the Policy is described as "any person or organization when you and such a person or

2

organization have agreed in writing in a contract, prior to an occurrence that causes 'bodily injury, 'property damage' or 'personal and advertising injury,' that such a person or organization be added as an additional insured on your policy." *Id.* ¶ 9. Additionally, the Location(s) Of Covered Operations on this form of the Policy includes "all locations for which you and the additional insured have agreed in writing in a contract prior to an occurrence that causes 'bodily injury'…" *Id.* ¶ 10.

On November 7, 2016, at the Premises, a pedestrian, Elvira Khanazarova allegedly tripped and fell. *Id.* ¶ 11. On October 26, 2017, Khanazarova filed a complaint in state court against Plaintiff, Integrity, and others, alleging that she suffered injuries as a result of a trip and fall at the Premises. *Id.* ¶ 12. On December 2, 2016, Murod Mamedov also allegedly tripped and fell at the Premises. *Id.* ¶ 13. On October 7, 2017, Mamedov filed a complaint in state court against Plaintiff, Integrity, and others, alleging that he suffered injuries as a result of a trip and fall at the premises. *Id.* ¶ 14. In both cases (the "Underlying Actions") the plaintiffs allege that the trip and fall was caused by the negligence of the defendants, including Plaintiff and Integrity. *Id.* ¶¶ 12, 14. When the Khanazarova and Mamedov incidents occurred at the Premises, the Policy was in full effect. *Id.* ¶ 15.

In December 2017, Colony Insurance Company ("Colony"), on behalf of Plaintiff, tendered the Khanazarova and Mamedov claims to Defendant. *Id.* ¶ 16. Defendant advised Colony that it was investigating these claims. *See Id.* ¶ 17. Plaintiff then commenced this action, seeking a declaratory judgment that Defendant has a duty to defend Plaintiff in the Underlying Actions (Counts One and Three), and seeking monetary damages (Counts Two and Four) for the fees and costs it has incurred in the Underlying Actions. *See* Dkt. No. 1 ¶¶ 14-37.

## B. Procedural Background

Plaintiff filed this action on February 23, 2018. Dkt. No. 1. On March 6, 2018, the case was accepted as related to *Gemini Insurance Company v. Integrity Contracting Inc.*, Case No. 17-cv-01151. On October 4, 2018, the Court denied Plaintiff's motion to consolidate the two cases. Dkt. No. 19. Following discovery, on December 10, 2018, Plaintiff moved for summary judgment. Dkt. No. 29. On January 10, 2019, Defendant filed an opposition to Plaintiff's motion. *See* Dkt. No. 32. On January 24, 2019, Plaintiff filed a reply memorandum of law in further support of Plaintiff's motion. Dkt. No. 34. To date, in the related case, the Court has not granted rescission of the Policy. *See generally Gemini Insurance Company v. Integrity Contracting Inc.*, Case No. 17-cv-01151. If an insurer has a duty to defend, it has to incur the cost of providing that defense while the rescission action remains pending. *See In re WorldCom, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 468 (S.D.N.Y. 2005).

## II. Legal Standard

A court may not grant a motion for summary judgment unless all of the submissions taken together "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Summary judgment is appropriate when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Smith v. County of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986)). "[I]n making that determination, the court is to draw all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In seeking summary judgment, the initial "burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir. 1994). If the non-moving party would bear the burden of proof at trial, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant "demonstrates 'the absence of a genuine issue of material fact,' the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact" to survive summary judgment. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citation omitted) (quoting *Celotex*, 477 U.S. at 323).

### III. Discussion

Under New York law, "[a]n insurer's duty to defend its insured is exceedingly broad." *Regal Constr. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 15 N.Y.3d 34, 37 (2010) (internal quotation marks omitted). The Second Circuit, interpreting New York law, has held

5

that this "duty . . . is broader than [the insurer's] duty to indemnify." *Burt Rigid Box, Inc. v. Travelers Property Cas. Corp.*, 302 F.3d 83, 97 (2d Cir. 2002). While the duty to indemnify is generally adjudicated at the end of the proceeding, an "insurer will be called upon to provide a defense whenever the allegations of the complaint suggest a reasonable possibility of coverage." *Regal*, 15 N.Y.3d at 37 (internal quotation marks and alteration omitted). That is, the duty to defend "arises whenever the allegations within the four corners of the underlying complaint *potentially* give rise to a covered claim." *Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.*, 91 N.Y.2d 169, 175 (1997) (internal quotation marks omitted; emphasis added). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be." *Century 21, Inc. v. Diamond State Ins. Co.*, 442 F.3d 79, 83 (2d Cir. 2006) (internal quotation marks omitted). "Courts addressing the contours of the duty to defend thus ask what the complaint alleges, not what the objective state of reality is." *City of New York v. Liberty Mut. Ins. Co.*, No. 15-cv-8220 (AJN), 2017 WL 4386363, at *7 (S.D.N.Y. Sept. 28, 2017). Moreover, even if the complaints were ambiguous as to a fact material to coverage, the ambiguity must be resolved in favor of the insured. *Int'l Bus. Machs. v. Liberty Mut. Fire Ins. Co.*, 363 F.3d 137, 144 (2d Cir. 2004).

Based on the allegations in the Underlying Actions, Defendant has a duty to defend Plaintiff.

### A. The Allegations in the Underlying Actions Suggest a Reasonable Possibility of Coverage

Based on the language of the Policy and the Contract, the allegations in the Underlying Actions trigger Defendant's duty to defend. The parties do not dispute that Plaintiff is an

additional insured under the Contact and Defendant's Policy with Integrity. *See* Dkt. No. 33 ¶¶ 4-8. Defendant, in its brief, acknowledges that "Kingsway [is] an additional insured under the Gemini Policy." Dkt. No. 32-10 at 2. The parties only dispute if the injuries in the Underlying Allegations are covered by the Policy.

The Court begins by interpreting generally what injuries are covered by the Policy. As noted above, Defendant's insurance policy provides coverage when a bodily injury is "caused, in whole or in part," by Integrity, or those acting on behalf of Integrity at the Premises. Dkt. No. 33 ¶ 8 (citing the Policy). In a recent New York Court of Appeals decision, the court concluded that the phrase "caused, in whole or in part," by the "acts or omissions" of the named insured, restricts liability coverage in an insurance policy to an "injury proximately caused by the named insured." *Burlington Ins. Co. v. NYC Transit Auth.*, 79 N.E.3d 477, 478 (N.Y. 2017). Therefore, "coverage for additional insureds is limited to situations where the insured is the proximate cause of the injury." *Id.* at 482. Applying that reasoning here, in order to trigger Defendant's duty to defend Plaintiff, a bodily injury at the Premises would have to be proximately caused by Integrity.

The Court now considers whether the allegations in the Underlying Actions suggest a "reasonable possibility" that Integrity's negligence was the proximate cause of Khanazarova and Mamedov's injuries—and concludes that they do. *Regal*, 15 N.Y.3d at 37. In the Underlying Actions, both plaintiffs allege that Integrity, one of the named defendants, was responsible for the condition of the sidewalk, scaffolding, and metal plates at the Premises—and that Integrity was negligent in causing Khanazarova and Mamedov to trip and fall there. *See* Dkt. No. 30-3, Khanazarova Complaint ¶¶ 25, 44-47; Dkt. No. 30-4, Mamedov Complaint ¶¶ 24, 43-46. The

complaints allege that "it was the duty of defendant(s) to keep and maintain said sidewalks in a reasonable state of repair and good and safe condition . . . ." Dkt. No. 30-3, Khanazarova Complaint ¶ 25; Dkt. No. 30-4, Mamedov Complaint ¶ 24. Integrity was responsible for this area in part because it allegedly "maintained the aforementioned scaffolding and metal plate" on the sidewalks in front of the Premises. Dkt. No. 30-3, Khanazarova Complaint ¶ 22; Dkt. No. 30-4, Mamedov Complaint ¶ 21. Therefore, the allegations in the Underlying Actions "potentially give rise to a covered claim" that Integrity proximately caused Khanazarova and Mamedov's injuries at the Premises. *Frontier.*, 91 N.Y.2d at 175. This would trigger the duty to defend.

### B. The Defendant's Counterarguments Are Unavailing

Defendant argues the duty to defend is not triggered by the allegations in the Underlying Actions. Defendant's primary argument is that the Underlying Actions do not allege that Integrity's acts or omissions were the proximate cause of Khanazarova and Mamedov's injuries. *See* Dkt. No. 32-10 at 2-6. According to Defendants, Plaintiff would have to show that Khanazarova and Mamedov were employed by Integrity at the Premises, or injured in relation to some employment at the premises to demonstrate proximate cause. *See id.* at 4. However, Defendant does not clearly explain *why* this would be the only way to sufficiently allege proximate cause. Under New York law, proximate cause is "responsive to the nature of each case, and the question of proximate cause is generally committed to the finder of fact once a prima facie case has been established. To make a *prima facie* showing of proximate cause, a plaintiff must demonstrate that the defendant's negligence was a 'substantial cause' of the events creating the injury." *Wax NJ-2, LLC v. JFB Const. & Dev.*, 111 F. Supp. 3d 434, 457 (S.D.N.Y.

8

2015) (citing *Maheshwari v. City of New York*, 810 N.E.2d 894, 898 (2004)). As discussed above, the allegations allege that Integrity was responsible for the condition of the sidewalk, scaffolding, and metal plates at the Premises, and that Integrity was negligent in causing Khanazarova and Mamedov to allegedly trip and fall there. *See* Dkt. No. 30-3, Khanazarova Complaint ¶¶ 25, 44-47; Dkt. No. 30-4, Mamedov Complaint ¶¶ 24, 43-46. This is enough to suggest a "reasonable possibility" that Integrity was the proximate cause of Khanazarova and Mamedov's injuries. *Regal*, 15 N.Y.3d at 37. The Court does not and cannot draw any factual or legal conclusions about the specific allegations in the Underlying Actions. *See City of New York*, 2017 WL 4386363, at *15 ("When an insurer believes that undisputed facts relevant to the merits of the underlying action prove that the alleged injuries do not fall within the indemnification provisions . . . it must defend the action and seek to prove, in that action, the existence of the facts—at which point, it may withdraw its defense."). But on the face of the complaints, the allegations are "*potentially* within the language of the insurance policy." *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 82-83 (2d Cir. 2013) (emphasis added).

Defendant also argues that the Contract does not provide for Integrity to perform work or be responsible for maintaining the sidewalks at the Premises, so they could not have been the proximate cause of the incidents. *See* Dkt. No. 32-10 at 7-9. To support this argument, Defendant also cites to § 7-210 of the Administrative Code of the City of New York—which establishes that owners of property are responsible for maintaining sidewalk abutting the property—to argue that Plaintiff was the sole entity responsible for the areas where Khanazarova and Mamedov were injured. *See* Dkt. No. 32-10 at 7-9. According to Defendant, this means that Plaintiff could not qualify as an additional insured under the Policy for these incidents. *Id.* The

Court disagrees. While the allegations in the Underlying Actions are ambiguous as to how precisely Khanazarova and Mamedov were injured on the sidewalks—the scaffolding, and metal plates at the Premises were involved. *See* Dkt. No. 30-3, Khanazarova Complaint ¶¶ 25, 44-47; Dkt. No. 30-4, Mamedov Complaint ¶¶ 24, 43-46. And, even if Integrity, by law, is not responsible for the conditions of the sidewalk, Integrity allegedly "maintained the aforementioned scaffolding and metal plate" on the sidewalks in front of and around the Premises. Dkt. No. 30-3, Khanazarova Complaint ¶ 22; Dkt. No. 30-4, Mamedov Complaint ¶ 21. While Defendant may contest Integrity's responsibility for the scaffolding, *see* Dkt. No. 33 ¶ 17, the Court must look only at what "the complaint alleges, not what the objective state of reality is." *City of New York*, 2017 WL 4386363, at *7. Similarly, even if, assuming *arguendo*, the conditions of the sidewalk are not contemplated by the scope of the Contract, the Contract states that Integrity is "responsible to the Owner [Plaintiff] for the acts and omissions of our employees, Subcontractors and their agents and employees, and other persons or entities performing portions of the Work for on [sic] behalf of Us or Our Subcontractors or anyone for whose acts We or they may be liable [sic]." Dkt. No. 30-1 at 15. This would include the scaffolding and metal plates on and around the Premises. Therefore, Defendant has not shown that there is "*no possible factual or legal basis* on which it might eventually be obligated to indemnify its insured under any policy provision," which is necessary in order to be "relieved of its duty to defend." *Allstate Ins. Co. v. Zuk*, 78 N.Y.2d 41, 45 (1991) (citation omitted; emphasis added). It cannot meet its "high burden" here as a matter of law. *Harleysville Worcester Ins. Co. v. Wesco Ins. Co., Inc.*, 314 F. Supp. 3d 534, 543 (S.D.N.Y. 2018), *aff'd sub nom. Harleysville Worcester Ins. Co. v. Wesco Ins. Co.*, 2019 WL 413655 (2d Cir. Feb. 1, 2019)

(summary order).

The complaints in the Underlying Actions suggest a "reasonable possibility" that Integrity's negligence was the proximate cause of Khanazarova and Mamedov's injuries, and therefore, there is no genuine dispute of material fact that Defendant has a duty to defend Plaintiff in the cases. *Regal*, 15 N.Y.3d at 37; *see Brown*, 654 F.3d at 358.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED. Defendant has a duty to defend Plaintiff in the Underlying Actions (Counts One and Three). The Court reserves on the question of the precise amount of reimbursement and damages owed for Defendant's breach (Counts Two and Four). Within one week of the date of this order, the parties shall propose a briefing schedule to determine the amount of damages owed to Plaintiff. The parties shall also meet and confer regarding settlement of this remaining issue. This resolves Docket Numbers 20, 21, 24, and 29.

SO ORDERED.

Dated: March ___, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge